UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                                  Case No:   2:13-cv-748-FtM-38UAM

CORRADO C. BURDIERI,

     Defendant.

_____/

## ORDER[1]

     This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. #9) filed on November 25, 2013.  Defendant *pro se* Corrado C. Burdieri has not filed a response to the Motion and the time to do so has expired.  As indicated in the Court's Summary Judgment Notice (Doc. #10), which was mailed to Defendant, a response to the Motion must be filed within 14 days.  Defendant was also notified that the Court would take the Motion under advisement twenty-one (21) days after the Motion was filed.  There has been no response.  Thus, the Motion is now ripe for consideration.

     This is an action by the United States, on behalf of the United States Department of Education, against Defendant, to recover on a defaulted student loan from Citibank, N.A.  The loan obligation was guaranteed by the United States Aid Funds, Inc. and then reinsured by the Department of Education under the loan guaranty programs authorized

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq*.  The United States seeks money damages in the amount owed on this federally guaranteed student loan.  (Doc. #1).  Defendant filed an Answer (Doc. #5) on November 15, 2013, asserting that "if there is a debt, it is due to the negligence of the University of Miami, and persons or entities who were holders in due course of said debt . . ." and he seeks to join the University as a party.  He also asserts the statute of limitations as an affirmative defense.  Id.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986).  Similarly, an issue is material if it may affect the outcome of the suit under governing law.  Id.

The moving party bears the burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party.  Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).  Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment.  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  "The evidence presented cannot consist of conclusory allegations, legal conclusions or

evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)).  Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment.  Celotex, 477 U.S. at 322-23.  Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied.  Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment."  Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

The undisputed facts are as follows:  Defendant, Corrado C. Burdieri, obtained a student loan in the amount of $2,625.00, under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965 for the cost of his education.  (Doc. #9, Exh. A). Pursuant to the promissory note executed by Defendant, Defendant defaulted on his payment obligation on October 16, 2003.  The holder demanded payment according to the terms of the promissory note, and credited $1,880.78 to the principal owed on the loan.

Defendant, Corrado C. Burdieri, obtained a student loan in the amount of $9,500.00, under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965 for the cost of his education.  (Doc. #9, Exh. B). Pursuant to the promissory note executed by Defendant, Defendant defaulted on his payment obligation on October 16, 2003.  The holder demanded payment according to the terms of the promissory note, and credited $6,741.55 to the principal owed on the loan.  A total of

3

$0.00 in credits and/or payments including Treasury Department Offsets, were applied to the accounts since the loans were assigned to the Department of Education.

As of November 20, 2013, Plaintiff asserts that the Defendant owes a total of $6,037.98 ($716.62 in principal and $304.45 at 3.43% in interest as per Account No. 2011A00300 (Doc. #9, Exh. A) and ($2,645.76 in principal and $1,091.15 at 3.28% in interest as per Account No. 2011A00307 (Doc. #9, Exh. B), and taxed cost in the amount of $1,280.00 consisting of a Fee for Service and Travel, per 28 U.S.C § 1921 of $40.00 plus Attorney's Fees of $1,240.00, Composite Exhibit C, pursuant to the Promissory Note, Composite Exhibit D.  (Doc. #9).

The loan obligation was made by the Department of Education under the William D. Ford Federal Direct Loan Program under Title IV-B of the Higher Education Act of 1965.  Under the Higher Education Act of 1965, 20 U.S.C § 1071 et seq., (the "Act"), the Government is entitled to attorney's fees.  The Act provides that in addition to the terms of any promissory note, "a borrower who has defaulted on a [student] loan shall be required to pay ... reasonable collection costs." 20 U.S.C. § 1091a(b)(l); United States v. Vilus, 419 F. Supp. 2d 293, 296-97 (E.D.N.Y. 2005).  One of the statute's implementing regulations specifies that "[i]f a borrower defaults ... the Secretary [i.e., the Government] assesses collection costs on the basis of 34 C.F.R 30.60." 34 C.F.R. § 685.202(e)(2).  In tum, 34 C.F.R. § 3060 provides that the Government "may charge a debtor for the costs associated with the collection of a particular debt [i.e., a defaulted student loan]. These costs include ... [c]ourt costs and attorney fees." 34 C.F.R § 30.60(a)(8).

In this case, Plaintiff has established through sworn affidavits the existence of Defendant's notes, Defendant's default, and the amount due under the notes (See Doc.

#9, Exhs. A-D).   Defendant has not responded to Plaintiff's Motion for Summary Judgment, and the time to do so has passed.   Even though Defendant raised defenses in his Answer to the Complaint (Doc. #5), the defenses are not valid as Plaintiff – not the University of Miami – is the holder of the Notes and 20 U.S.C. § 1091a(a) eliminates the statute of limitations on all student loans.   Accordingly, the Court finds that the undisputed material facts show that Defendant is indebted to the United States and has failed to make payment for such indebtedness.   Thus, Plaintiff is entitled to summary judgment in its favor.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Summary Judgment (Doc. #9) is **GRANTED**.

(2) Judgment is entered in favor of Plaintiff against Defendant Corrado C. Burdieri, in the total amount of $**6,037.98**, consisting of $716.62 in principal and $304.45 at 3.43% in interest as per Account No. 2011A00300 and $2,645.76 in principal and $1,901.15 at 3.28% interest as per Account No. 2011A00307, together with taxed costs in the amount of $1,280.00, consisting of a fee for Service and Travel per 28 U.S.C. § 1921 of $40.00 plus attorney's fees of $1,240.00, for all of which sums let execution issue.

(3) The judgment shall bear interest at the rate as prescribed by 28 U.S.C. § 1961.

(4) The Clerk is directed to enter judgment accordingly, terminate any pending deadlines, and **CLOSE the file**.

(5) The Clerk is further **directed** to provide two certified copies of this Order and the judgment to Plaintiff's counsel.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of December, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record